IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANIEL WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00877-O-BP |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the *pro se* Plaintiff Daniel White's Complaint. ECF No. 1. Because White has not served Defendants with process, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice**.

**I.   BACKGROUND**

On July 20, 2021, White sued the State of Texas, Judge Salvant, and Judge Sturns concerning a search warrant to which White had been subjected in 2014. *See* ECF No. 1 at 1, 18-26. On August 5, the Court notified Plaintiff of his responsibility to serve Defendants with a summons and copy of the complaint under Federal Rule of Civil Procedure 4. ECF No. 6. White since filed various supplemental pleadings, none purporting to effectuate service of process upon Defendants. *See* ECF Nos. 7-12. On November 10, the Court ordered White to serve Defendants under Rule 4 by December 1 (the "Order"). ECF No. 13. As of today, the record reflects White still has not served any Defendants with process or otherwise filed any pleading since the Court's Order.

## II.     LEGAL STANDARDS AND ANALYSIS

Federal Rule of Civil Procedure 4 provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (discussing Rule 4(m)).

The *pro se* White filed his Complaint on July 20, 2021. ECF No. 1. He had ninety days until October 18 to serve Defendants, and the Court notified him of this responsibility. Fed. R. Civ. P. 4(m); ECF No. 6. The record indicates White did not serve Defendants by or after the October 18 deadline. He filed various supplemental pleadings, ECF Nos. 7-12, including correspondence containing a notarized "Affidavit of Service" for a "Judge Bryan T. Bufkin." ECF No. 12 at 2. But that affidavit is ineffective, even assuming it otherwise complies with the Federal Rules of Civil Procedure, because Judge Bufkin is not a Defendant in this case. *See* ECF No. 1. Without any evidence of proper service, the Court exercised its authority under Rule 4(m) in entering its Order requiring White to execute service of process as to the named Defendants by December 1. ECF No. 13.

Today, the record still indicates White has not served Defendants with process or otherwise filed any pleadings since the Court's Order. On its own, the Court must either dismiss White's case without prejudice or set a new specified time for service. Fed. R. Civ. P. 4(m). Because the Court previously set a specified—indeed, an extended—service deadline with which White did not comply, the Court should now dismiss this case without prejudice.

### III.     CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 4(m).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 21, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE